**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE PHOENIX COMPANIES, INC., now known as THE NASSAU COMPANIES OF NEW YORK,

Plaintiff,

v.

CONCENTRIX INSURANCE ADMINISTRATION SOLUTIONS CORPORATION,

Defendant.

20 Civ. 1738 (KPF)

**STIPULATION AND [PROPOSED] ORDER REGARDING POTENTIAL INADVERTENT DISCLOSURE OF PROTECTED DOCUMENTS [FEDERAL RULE OF EVIDENCE 502(D)]**

CONCENTRIX INSURANCE ADMINISTRATION SOLUTIONS CORPORATION,

Counterclaim and Third-Party Plaintiff,

v.

THE PHOENIX COMPANIES, INC., now known as THE NASSAU COMPANIES OF NEW YORK, PRICEWATERHOUSECOOPERS ADVISORY SERVICES LLC, and ROES 1 through 10,

Counterclaim Defendant and Third-Party Defendants.

Plaintiff The Phoenix Companies, Inc., now known as The Nassau Companies of New York ("Phoenix"), defendant Concentrix Insurance Solutions Administration Corporation

("Concentrix"), and third-party defendant PricewaterhouseCoopers Advisory Services, LLC ("PwC"), have agreed that the following Stipulation and Order Regarding Potential Inadvertent Disclosure of Protected Documents be entered to govern the potential inadvertent disclosure of privileged or otherwise protected documents from disclosure during the course of this litigation.

The parties have already produced and/or have agreed to produce documents prior to the ordinary commencement of discovery in anticipation of the taking of a preservation deposition, which was the subject matter of the parties' briefing in this Litigation at ECF Nos. 33-35. The Court has ordered that the parties shall propose a 502 claw-back order by the end of June 12, 2020.

The parties also anticipate that they will produce additional large volumes of documents during the course of the litigation. The parties wish to protect privileged or otherwise protected documents and electronically stored information (collectively, "document" or "documents") against claims of waiver.

This Stipulation and proposed Order is made in an effort to prepare for the preservation deposition, expedite document productions, comply with discovery deadlines in the case, and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the documents produced, including as against third parties and other Federal and State proceedings.

The parties hereby agree to be bound by the terms of this Stipulation and agree that this Stipulation is enforceable as a stipulation unless and until superseded by the Court's entry of this Stipulation as an Order.

Accordingly, the parties hereby stipulate to, and the Court hereby Orders pursuant to Federal Rules of Evidence 502(d) and (e), as follows:

1. The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to the attorney-client privilege, or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

2. If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (b) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or hash value range, and, (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within ten (10) days of discovery by the receiving party. Where such documents cannot be destroyed or separated it shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

3. Upon written notice of an unintentional production by the producing party, the receiving party must promptly return, sequester or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. The producing party shall also provide an updated privilege log for such documents setting forth the author, recipient(s), subject matter of the document, along with the basis for the claim of privilege or evidentiary protection, as well as any portion of the document that does not contain privileged or protected information. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from

further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

4. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified documents before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified documents until the claim is resolved.

5. The receiving party shall have ten (10) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

6. The receiving party's return, sequestering or destruction of such privileged or protected documents as provided herein will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable steps to rectify the error as set forth in Federal Rules of Civil Procedure 26(b)(5)(B). The producing party need make no showing with respect to measures taken to

prevent the inadvertent production of the documents in question in order to be entitled to their return.

7. If a receiving party challenges the request to claw back any document, and the challenge cannot be rectified by conference between the parties, the producing party shall submit the challenged document to the Court under seal for a determination of its entitlement to protection and will provide the Court with the grounds for the asserted privilege or protection. The receiving party may not use the challenged document(s) for any purpose absent this Court's Order. Any party may request expedited treatment of any request for the Court's determination of the entitlement to protection of the challenged document.

8. Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the challenged documents have been sequestered rather than returned or destroyed, the challenged documents shall be returned or destroyed.

9. A party's entry into this Stipulation and/or participation in the preservation deposition that is the subject of the parties' briefing at ECF Nos. 33-35 does not waive or prejudice any party's right to seek a stay of discovery during the pendency of any forthcoming motions to dismiss in this action.

10. Nothing in this Stipulation shall prevent any party from seeking from the Court modification of this Stipulation or from objecting to discovery in accordance with the federal rules. Nothing in this Stipulation shall prevent the Court from ordering any appropriate relief with respect to the matters addressed in this Stipulation.

Dated: June 13, 2020

LEWIS JOHS AVALLONE AVILES, LLP

*/s/ Bryan Lewis*
Bryan F. Lewis
One CA Plaza, Suite 225
Islandia, New York 11749
Phone: (631) 755-0101

*Attorneys for Plaintiff/Counter-Defendant*

SEVERSON & WERSON

*/s/ Sharon Collier*
Sharon C. Collier
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Phone: (415) 398-3344

*Attorneys for Defendant/Counter-Claimant*

FINN DIXON & HERLING LLP

*/s/ Michael English*
Michael Q. English
Matthew B. Danzer
Six Landmark Square
Stamford, CT 06901
Phone: (203) 325-5000

*Attorneys for Counterclaim Defendant*

**So Ordered**,

Dated: June 15, 2020
New York, New York

KATHERINE POLK FAILLA
United States District Judge